**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| QUINCY LAJAMES JONES NELSON | § | |
| VS. | § | CIVIL ACTION NO.   9:20-CV-152 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Quincy LaJames Jones Nelson, a prisoner confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  The petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration of the pleadings and the relevant case law, the Court concludes that the petitioner's objections lack merit.

**NOT FOR PRINTED PUBLICATION**

Prisoners are entitled to certain due process rights if a disciplinary action results in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  In Texas, the only sanction that imposes upon a liberty interest is the loss of good time credits for an inmate whose release on mandatory supervision will be delayed by the loss of the credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In this case, the petitioner reports that he did not lose good time credits.  The petitioner contends that the disciplinary conviction might affect his release on parole, but there is no constitutional expectancy of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

The petitioner also challenges the conditions of his confinement.  A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).  A civil rights action is the appropriate means for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).    Because the petitioner's claims concerning the conditions of his confinement do not concern the fact or duration of his confinement, they are not cognizable in a habeas petition. If the petitioner wishes to pursue these claims, he may do so by filing a civil rights action, and paying the $400 filing fee or requesting leave to proceed *in forma pauperis*.

The petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate

**NOT FOR PRINTED PUBLICATION**

of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).  If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable:  (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, the petitioner's objections (document no. 12) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate

**NOT FOR PRINTED PUBLICATION**

Judge (document no. 5) is **ACCEPTED**.  A final judgment will be entered in this case in accordance

with the Magistrate Judge's recommendation.  A certificate of appealability will not be issued.


**So Ordered and Signed**

**Oct 9, 2020**

Ron Clark
Senior Judge